## SMITH v. PHOENIX CONST. CO.

No. 2741.   Decided July 30, 1915.   (151 Pac. 46.)

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF MASTER. That a master did not tie a roll of blankets on a wagon does not show him negligent, for he could not assume that the blankets which slipped down upon plaintiff would knock him from the seat under the feet of the mules.

Appeal from District Court, Third District; Hon. *Geo. G. Armstrong*, Judge.

Action by John Smith against the Phoenix Construction Company, a corporation.

Judgment for plaintiff. Defendant appeals.

REVERSED and REMANDED.

*King & Nibley* and *P. T. Farnsworth, Jr.*, for appellant.

*W. R. Hutchinson* for respondent.

STRAUP, C. J.

This is an action to recover damages for alleged personal injuries. The plaintiff had judgment. The defendant appeals. The defendant was engaged in construction work in Idaho. The plaintiff, twenty-five years of age, was employed by it as a laborer, digging holes, shoveling gravel, mixing concrete, etc. The defendant, with wagons, was moving its camping outfit and commissary supplies, etc., from Cleveland, Idaho, to Weston, Idaho, a distance of about twelve miles. One of the wagons with a box, the sides of which were about a foot high, was loaded with boxes of crackers, canned goods, tobacco, sacks of sugar, etc., and two rolls of blankets. The boxes and sacks of sugar were piled in the wagon bed, and extended about a foot above the sides of the box. On top of the boxes or sugar were placed the two rolls of blankets. After the wagon was loaded and ready to start, the defendant's foreman directed the plaintiff to ride on the wagon and sit with the driver. The seat was in front. The plaintiff had nothing to do with loading the wagon, and had no duty to perform in driving or in hauling the load. He testified that as he sat on the seat the blankets were about two or three feet back of him, and extended about two feet above his head. He further testified that:

"The road was all level ground. When we struck about a foot and a half hill, the blankets rolled over and knocked me off."

He fell forward under the mule's feet. The driver jumped, the team ran away, and the plaintiff was injured by one of the mules stepping on him, and a sack of sugar striking him.

The alleged negligence is the defendant's failure to rope or secure the blankets to prevent them from falling. It is contended that the judgment cannot be upheld for two reasons: Assumption by the plaintiff of the risk; and failure of proof to show negligence on the part of the defendant. The first is based on the theory that the plaintiff knew that the blankets had not been roped. Holding, as we do, with the defendant on the second ground, it is unnecessary to express an opinion as to the first. There is testimony to show that it was customary to rope "high loads," but this in no sense was a high load.

And then it is not ordinarly to be expected that a roll of blankets rolling or falling and striking one is likely to produce injury likely to throw one off his seat, or otherwise to hurt him. We do not think the defendant, in the exercise of ordinary care, was required to anticipate injury from such a source, and therefore that he ought to have made reasonable efforts to guard against it by tying or otherwise securing the blankets.

Let the judgment be reversed, and the case remanded for a new trial; costs to the appellant.

Such is the order.

FRICK and McCARTY, JJ., concur.